UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ERNEST NEEDLER,                                                                                    PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:13-CV-781-CRS

COCA-COLA REFRESHMENTS                                                                        DEFENDANT
USA, INC.,

### MEMORANDUM OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff, Ernest Needler's, objection to the Magistrate Judge's Order Denying Plaintiff's Motion to Modify the Parties' Discovery Schedule. DN 46; DN 47.  The Defendant, Coca-Cola Refreshments USA, Inc. ("Coca-Cola"), has responded. DN 48.  Having considered the parties' respective positions, the magistrate judge's order is **MODIFIED** for the reasons that follow.

The Plaintiff in this matter moved the magistrate to modify the parties' discovery schedule under Fed. R. Civ. P. 16(b)(4).  This rule explicitly provides that the "schedule may be modified *only for good cause* and with the judge's consent." *Id*.  And the Sixth Circuit has explained that "the primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (*quoting Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)); *see also*, *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (A court "may modify a scheduling order for good cause only if a deadline cannot reasonably be

met despite the diligence of the party seeking the extension."). Moreover, another "important consideration," which is not determinative by itself, "is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906.

The Plaintiff in this matter initially served his discovery requests upon the Defendant when the case was in state court. DN 46. Although these requests became "null and void" when Defendant removed the case to federal court, DN 46 (citing *McIntyre v. K-Mart Corp.*, 794 F.2d 1023, 1025 (5th Cir. 1986); *Koenig v. USA Hockey*, Inc., Case No. 2:09-CV-1097, 2010 WL 4783042 at *6 (S.D. Ohio June 14, 2010) *Pena v. Taylor Farms Pacific, Inc.*, Case No. 2:13-CV-1282-KJM, 2013 WL 3933934 at *4 (E.D. Ca. July 29, 2013); *Sterling Savings Bank v Fed. Ins. Co.*, 2012 WL 3143909 at *2 (E.D. Wash. Aug. 1, 2012); *Riley v. Walgreen Co.*, 233 F.R.D. 496, 498-99 (S.D. Tex. 2005)("By its express terms, Rule 26(d) bars discovery until after the parties have conferred about a discovery plan as directed by Rule 26(f)."), the Plaintiff appears to have been unaware of this technical rule – a rule that the Sixth Circuit has yet to address. Resultantly, he did not realize that his requests had become "null and void" until a significant time had passed and discovery had closed.

This case's procedural handling has been less than a model of diligence, however, the Court prefers that litigation be conducted with proper discovery so that claims can be disposed of in a just manner. In this case, no trial date has been set, and the Defendant's anticipated summary judgment motion has not yet been filed. The Court has not been advised that the Plaintiff's discovery requests are onerous or burdensome. The Defendant would have had to respond to them in state court or after removal if the Plaintiff had properly renewed them.

Under these circumstances, the Court concludes that prohibiting the Plaintiff from conducting discovery where there is no apparent prejudice to the Defendant would be

inappropriate and unduly harsh.  Accordingly, the Magistrate Judge's Order Denying Plaintiff's Motion to Modify the Parties' Discovery Schedule (DN 46) is **MODIFIED** under 28 U.S.C. § 636(b)(1)(A) to the extent that Plaintiff's Motion to Extend the Parties Discovery Schedule (DN 40) is **GRANTED**.  Discovery will be reopened only to the extent that the Plaintiff now has thirty (30) days to renew his previously filed discovery requests.  No additional discovery will be permitted.

**IT IS SO ORDERED**

March 23, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**